THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHAN ANDRES VELASQUEZ MONTILLO,<br><br>   Plaintiff,<br><br>v.<br><br>NATE BROOKSBY, Washington County Sheriff; RUBEN LEYVA, Acting Field Office Director, Salt Lake City Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (ICE/ERO); BRIAN HENKE, Field Office Director for Las Vegas/Salt Lake City; KRISTI NOEM, Secretary United States Department of Homeland Security; PAMELA BONDI, U.S. Attorney General,<br><br>   Defendant. | **ORDER TO SHOW CAUSE**<br><br>Case No. 4:26-cv-00018-DN-PK<br><br>District Judge David Nuffer |

On February 14, 2026, Petitioner Jose Andres Velasquez Montillo filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), alleging he is being unlawfully confined in violation of the Constitution and laws of the United States.[1] On February 15, 2026, Mr. Velasquez Montillo filed an Emergency Motion to Stay Transfer During Pendency of Petition ("Emergency Motion").[2]

This district recently considered the issue raised in this petition in another matter and found that the revised interpretation of the Immigration and Nationality Act (INA) proposed by

---

[1] Petition for Writ of Habeas Corpus, docket no. 1, filed February 14, 2026.

[2] Emergency Motion to Stay Transfer During Pendency of Petition ("Emergency Motion"), docket no. 4, filed February 15, 2026.

the U.S. Department of Homeland Security (DHS), under which a large class of immigrants—a class that includes Mr. Velasquez Montillo—is subject to mandatory detention under 8 U.S.C. § 1225, is unlawful.[3]

Accordingly, the court is prepared to grant Mr. Velasquez Montillo's petition absent a showing from the Respondents that his case is meaningfully distinct. Mr. Velasquez Montillo's counsel asserts that Mr. Velasquez Montillo has an individual hearing before an immigration judge set for April 3, 2026.[4] After allowing the government a chance to respond, the court plans to order that Mr. Velasquez Montillo's hearing be conducted under the authority of 8 U.S.C. § 1226, which allows an immigration judge to release a detainee on bond or conditional parole after a finding that the detainee is not a flight risk or a danger to the community.[5]

# 1   ORDER

IT IS HEREBY ORDERED that the parties will proceed as follows:

1. The Respondents are ORDERED TO SHOW CAUSE why the Petition for Writ of Habeas Corpus should not be granted by **4:00pm on Friday, February 20, 2026**.[6] Assuming the court does not issue an order by the end of the day on Monday, the Petitioner may file a reply by **4:00pm on Monday, February 23, 2026**. The court will set a hearing, if necessary, after considering the Respondents' response.

---

[3] *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, at *10 (D. Utah Jan. 16, 2026).

[4] Petition ¶ 7.

[5] 8 U.S.C. § 1226(a)(2); 8 C.F.R. §§ 1003.19(a) ("Custody and bond determinations made by [ICE] pursuant to 8 CFR part 1236 may be reviewed by an Immigration Judge pursuant to 8 CFR part 1236."), 1236.1(d)(1) (providing that a noncitizen may "request amelioration of the conditions under which he or she may be released"); In re Guerra, 24 I. & N. Dec. 37, 38 (BIA 2006) (holding that, at the bond hearing, a noncitizen must "establish to the satisfaction of the Immigration Judge … that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight")

[6] 28 U.S.C. § 2243

2. It is ORDERED that Mr. Velasquez Montillo shall not be removed from the United States unless and until the court orders otherwise.

3. The court further ORDERS that Mr. Velasquez Montillo shall not be transferred except to a facility within this District, the District of Utah, without first seeking permission from this court. This order supersedes the 48-hour period contained in the court's emergency order[7] and will remain in effect until the court issues an order on the petition.

4. By **Thursday February 18, 2026, at 5:00 p.m.**, Petitioner's counsel is directed 1) to serve the Respondents with a copy of the petition and accompanying papers, along with a copy of this Order, by e-mail to the United States Attorney's Office for the District of Utah and by overnight mail; and 2) to promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

5. To ensure that the relevant government officials have notice of this Order, the Clerk of Court is also directed to serve a copy of this Order, via email, on the United States Attorney for the District of Utah's Southern Region (Mr. Joseph Hood and Ms. Angie Reddish-Day); as well as the head of the civil division (Tyler Murray) and the civil duty attorney (Michael Kennedy) for the United States Attorney's Office in this District.

---

[7] Emergency Order Concerning Stay of Transfer of Removal, docket no. 7, filed February 17, 2026.

IT IS FURTHER ORDERED that Mr. Velasquez Montillo's Emergency Motion is DENIED as MOOT.[8]

Signed February 18, 2026.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[8] Emergency Motion to Stay Transfer During Pendency of Petition, docket no. 4, filed February 15, 2026.

United States District Court
for the
District of Utah
February 18, 2026

\*\*\*\*\*\*MAILING CERTIFICATE OF THE CLERK\*\*\*\*\*\*

RE: 4:26cv00018 DN-PK
Velasquez Montillo v. Brooksby et al

Joseph M. Hood
US ATTORNEY'S OFFICE
via email

Angela Marie Reddish-Day
US ATTORNEY'S OFFICE
via email

Michael P. Kennedy
US ATTORNEY'S OFFICE
via email

Tyler L. Murray
US ATTORNEY'S OFFICE
via email

Todd Christopher Bouton
US ATTORNEY'S OFFICE
via CM/ECF

Benjamin C. McMurray/Scott Keith Wilson
FEDERAL PUBLIC DEFENDER
via CM/ECF

_____

Aimee Trujillo